# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JENNIS & BOWEN, P.A.,

    Appellant,

v.                                                                           Case No: 8:16-cv-732-T30

WILLIAM D. GRIFFIN and
TECH CONNECT, LLC,

    Appellees.

## ORDER

THIS CAUSE comes before the Court upon Appellant's appeal of the bankruptcy court's "Order on Jennis & Bowen, P.A.'s Objection to Order Dismissing Case." Upon review, the Court concludes that the bankruptcy court's order should be affirmed.

The Court has jurisdiction over the appeal under 28 U.S.C. § 158(a).

## STANDARD OF REVIEW

A district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law de novo. *See In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993).[1]

## BACKGROUND

On March 18, 2014, the Bank of Commerce filed an Involuntary Petition for Relief (the "Petition") against Appellee William D. Griffin under section 303 of the Bankruptcy Code. Appellant, Jennis & Bowen P.A. ("J&B") served as Griffin's counsel during the

---

[1] The parties spend a lot of time in their briefs disputing which standard of review applies to this appeal: Appellant requests a de novo review and Appellee requests a clear error review. The Court need not resolve this dispute because the bankruptcy court is affirmed under either standard.

bankruptcy case. On or about November 13, 2015, J&B filed a motion to withdraw as counsel due to irreconcilable differences. Following a hearing, the bankruptcy court granted J&B's withdrawal on November 19, 2015. According to J&B, Griffin owes J&B in excess of $227,000 for services J&B rendered through November 30, 2015.

On January 6, 2016, at a hearing before the bankruptcy court on multiple discovery and pretrial motions, Griffin and the Bank announced the terms of a tentative settlement, which contemplated the assignment of the Bank's claim to Tech Connect, LLC. The bankruptcy court continued all pending matters to January 14, 2016, the date that was reserved for the first day of trial on the Petition's merits.

At the January 14, 2016 hearing, Griffin and Tech Connect informed the bankruptcy court that Tech Connect had purchased the Bank's claims against Griffin. Tech Connect and Griffin then made an *ore tenus* motion to dismiss the Petition. At that time, none of the creditors had participated in the case and none were present at the January 14, 2016 hearing. J&B, who was present, stated on the record that, although it was not objecting to the dismissal of the Petition at that time, J&B believed that section 303(j) required that notice of the dismissal be provided to all creditors and parties in interest prior to any dismissal. J&B also noted that it had previously filed (on January 11, 2016) a motion to determine the reasonableness of its fees under Bankruptcy Rule 2017.

The bankruptcy court granted the *ore tenus* motion to dismiss but provided any creditors and parties in interest fourteen days from the service of the dismissal order to file an objection to the Petition's dismissal. Specifically, the bankruptcy court stated:

> I'm going to dismiss the case. The case was scheduled for hearing today on the involuntary petition. The holder of the claim, who has purchased the claim and is entitled to purchase the claim, no longer wishes to prosecute that petition. Therefore, the adjudication that was set for hearing today has aborted, has really - - - is not going to go forward and it's appropriate to dismiss on the present papers on negative notice. And I'll give [the] parties 14 days to object to the dismissal . . . And I'm not going to make any ruling on the fees. If - - I'm not going to make any ruling today on that and I'll let you all discuss that outside of court and see if we have any further proceedings on those pleadings that have been filed. I don't know if we will or we won't.

(Transcript from January 14, 2016 hearing at 10-11).

The bankruptcy court entered its Order Dismissing Case (the "Dismissal Order") that same day. The Dismissal Order granted Tech Connect's and Griffin's *ore tenus* motion to dismiss, dismissed the case, effective 14 days from the date of entry of the Dismissal Order, and stated, in relevant part, that: "Creditors and parties in interest shall have 14 days from service of this Order to file an objection to the dismissal of this case. If such an objection is filed, it shall be scheduled for hearing. If no objection is filed then this case shall stand as dismissed without further order of the Court." (Dkt. 2-121).

On January 28, 2016, J&B filed its Objection to the Dismissal Order ("Objection). J&B's Objection argued that the disclosures were insufficient to place the creditors on notice of the settlement terms, the Bank was receiving preferred treatment over other creditors, and the bankruptcy court should resolve the issue of J&B's claim for attorney's fees prior to any dismissal. (Dkt. 2-122).

On February 23, 2016, the bankruptcy court conducted a hearing on J&B's Objection. After hearing argument from Griffin's counsel and J&B's counsel, the bankruptcy court overruled J&B's Objection. The bankruptcy court noted, in relevant part:

> I come back to the fundamental assessment that I made earlier, and that is, had I ruled in your favor and agreed with you and done what you asked me to do, you'd be in the same position - - - you could very well be in the same position you're in now with an unpaid balance, a client who's dismissed out of court and either willing or unwilling to pay your bill. And so for that reason I'm going to overrule the objection, leave the case stand as dismissed.

(Transcript from February 23, 2016 hearing at 22:10-17).

On February 25, 2016, the bankruptcy court entered its "Order on Jennis & Bowen, P.A.'s Objection to Order dismissing Case," which is the subject of this appeal (hereinafter, the "Order on Appeal"). (Dkt. 2-2). On appeal, J&B argues that the bankruptcy court erred in overruling its Objection and erred in dismissing the Petition because J&B was not provided a meaningful opportunity to challenge the Petition's dismissal. As discussed below, the Court affirms the Order on Appeal because J&B was provided with sufficient notice of the Petition's dismissal.

## **DISCUSSION**

Section 303(j) of the Bankruptcy Code provides that: "Only after notice to all creditors and a hearing may the court dismiss a petition filed under this section - (1) on the motion of a petitioner; (2) on consent of all petitioners and the debtor; or (3) for want of prosecution." 11 U.S.C. 303(j). J&B's main argument on appeal is that it did not receive adequate notice of the Petition's dismissal. The record reflects otherwise. The record reflects that the bankruptcy court provided creditors and any interested parties fourteen days to object to the Petition's dismissal. J&B filed its objection. On February 23, 2016, the bankruptcy court held a hearing on J&B's objection and considered J&B's arguments against dismissal. The bankruptcy court ultimately concluded that J&B's objection should be overruled. J&B may disagree with the bankruptcy court's conclusion but that disagreement

does not establish that J&B received inadequate notice, or that any due process violation occurred to it or any other creditor.

Indeed, the record reflects that J&B never joined in the Petition. The record also reflects that creditors had almost two years to join in the Petition and none did so. For these reasons, J&B's argument that the settlement was detrimental to it and the other creditors is without merit. There are simply no grounds to argue that the settlement between Griffin and Tech Connect was collusive or in contravention of section 303(j), other than J&B's conjecture and suspicion that the settlement was unfair because Griffin remains indebted to J&B for attorney's fees. However, the fact that the fee claim remains unresolved is not a basis to reverse the Order on Appeal.

It is therefore **ORDERED AND ADJUDGED** that:

1. The bankruptcy court's "Order on Jennis & Bowen, P.A.'s Objection to Order Dismissing Case" is hereby AFFIRMED.

2. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2016.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record
Clerk of Bankruptcy Court (case #14-bk-2901-KRM)